DEPARTMENT OF ENVIRONMENTAL QUALITY V WATEROUS COMPANY, No. 136520; reported below: 279 Mich App 346.

YOUNG, J. (*concurring*). The question whether the statute, MCL 324.20120a(6), requires the defendant to remediate the property to a level consistent with a higher use than the defendant's historical use of the property is troubling. I concur with this Court's denial order because the defendant did not preserve a constitutional taking argument.

MARKMAN, J. (*dissenting*). I would grant leave to appeal to consider whether the Court of Appeals properly determined that a successor landowner can be required under the Natural Resources and Environmental Protection Act, MCL 324.20120a(6), to remediate property to its current residential zoning status even when that status is higher than

the industrial zoning status that existed when the pollution occurred, and, if so, whether such a determination implicates US Const, Am V; Const 1963, art 10, § 2; or any other federal or state constitutional provision.

CORRIGAN, J. I join the statement of Justice MARKMAN.